BLD-398                                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2403
_____

JUSTIN MICHAEL CREDICO,

Appellant

v.

UNKNOWN OFFICIAL FOR U.S. DRONE STRIKES,
INDIVIDUAL-OFFICIAL CAPACITY;
ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;
DONALD VERRILLI, INDIVIDUAL-OFFICIAL CAPACITY;
UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:13-cv-01311)
District Judge: Honorable Juan R. Sanchez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 22, 2013
Before:  HARDIMAN, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: September 26, 2013)
_____

OPINION
_____

PER CURIAM

Pro se Appellant Justin Michael Credico appeals the District Court's order dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and denying his second motion for reconsideration.[12] His complaint seeks an injunction against the United States' drone program because the program violates the Eighth Amendment and inflicts emotional distress by "putting one in fear of being drone attacked." The United States Supreme Court "has repeatedly held that such a 'generalized grievance,' no matter how sincere, is insufficient to confer standing. A litigant 'raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" Hollingsworth v. Perry, 133 S. Ct. 2652, 2662 (2013) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 573-74 (1992)). Accordingly, Credico lacks standing to bring this lawsuit.

---

[1] Because Credico's timely appeal from the denial of his motion for reconsideration "brings up the underlying judgment for review," we will review the District Court's dismissal of Credico's complaint as frivolous, as well as its denial of his motion for reconsideration. LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007).
[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to dismiss a complaint as frivolous or malicious for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). Having granted Credico leave to proceed in forma pauperis, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it is frivolous, i.e., if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S.

2

A district court should generally give leave to amend prior to dismissing a complaint as frivolous, or make its own determination whether any amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Although the District Court did not do so here, we are satisfied after reading Credico's filings in the District Court and on appeal that any amendment would have been futile. Accordingly, we hold that this appeal is frivolous, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[3]

319, 325 (1989).  We review the denial of his motion for reconsideration for abuse of discretion.  Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

[3] We conclude that the District Court properly denied Credico's second motion for reconsideration because it did not meet the requirements under Federal Rule of Civil Procedure 59(e).  See  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citation omitted).